

**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

MAR 1 7 2023

**TAMMY H. DOWNS, CLERK**
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| DEZANAE MCEWEN,<br>     PLAINTIFF, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO.<br>4:23-cv-207-KGB |
| OFFICER TIFFANY CONDER<br>in her individual and official capacity;<br>OFFICER KELTON SMITH<br>in his individual and official capacity;<br>OFFICER SAMUEL FITZGERALD<br>in his individual and official capacity;<br>SERGEANT DANNY WORLEY<br>in his individual and official capacity;<br>LIEUTENANT CHRIS PADGETT<br>in his individual and official capacity;<br>WILLIAM TAPLEY<br>in his official capacity;<br>the CITY OF CONWAY,<br>ARKANSAS, a municipality;<br>OFFICER KEANNA L. HILL<br>in her individual and official capacity;<br>OFFICER KAYANA STUBBS<br>in her individual and official capacity;<br>CORPORAL ASHA WILLIAMS<br>in her individual and official capacity;<br>SHERIFF TIM RYALS<br>in his official capacity;<br>ALLEN DODSON<br>in his official capacity; and<br>FAULKNER COUNTY,<br>ARKANSAS<br>     DEFENDANTS | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | This case assigned to District Judge ___Baker___<br><br>and to Magistrate Judge ___Volpe___ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**
Complaint Page **1** of **19**

NOW COMES, Plaintiff, Dezanae McEwen, by and through her attorneys, Dodds, Kidd, Ryan & Rowan, and for her cause of action, states as follows:

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution, particularly under the Fourth and Fourteenth Amendments, and under law, particularly the Civil Rights Act of 1871 and 42 U.S.C. § 1983.

2. This Court has supplemental jurisdiction over Ms. McEwen's state law claims because they form part of the same case or controversy under Article III of the United States Constitution.   28 U.S.C. §1367(a).

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

4. Venue is proper under 28 U.S.C. § 1391 as the acts of which Plaintiff complains arose in this District.

## PARTIES

5. Plaintiff, Dezanae McEwen ("McEwen"), is a citizen of the United States and at all material times resided in the State of Arkansas.   She is currently a resident of the State of Colorado.

6. On March 20, 2022, Defendants Officer Tiffany Condor ("Condor"), Officer Kelton Smith ("Smith"), Officer Samuel Fitzgerald ("Fitzgerald"), Sergeant Danny Worley ("Worley"), and Lieutenant Chris Padgett ("Padgett"), were officers with the Conway Police Department and were employed by the City of Conway at all times material to this Complaint.

7. Defendants Condor, Smith, Fitzgerald, Worley and Padgett are being sued in their individual and official capacities.

8. Chief William Tapley ("Chief Tapley"), has been the Chief of Police for the Conway Police Department at all relevant times. As Chief, he is responsible for the training, policies, and actions of the Department and its officers.

9. At all relevant times, the City of Conway, Arkansas ("City") was a municipality organized and existing under the laws of the State of Arkansas, located in Faulkner County, Arkansas.

10. The City was the employer of Defendants Condor, Smith, Fitzgerald, Worley and Padget ("the City Employees"), and was empowered, funded and directed to pay any § 1983 civil rights judgment for compensatory damages, actual damages, nominal damages, and attorney fees for which any City employee acting within the scope of his or her employment is found liable. Accordingly, the City is an indemnification party regarding the acts and/or omissions of which Plaintiff complains.

11. At all relevant times, the City participated in the Municipal Legal Defense Program which is offered by the Arkansas Municipal League to Arkansas towns and cities. The acts and/or omissions of which Plaintiff complains constitute a civil rights lawsuit against the City and the individually-named Defendant City Employees. The Arkansas Municipal League is a primary or secondary indemnification party regarding the acts and/or omissions of City

and the individually-named Defendant City Employees to which Plaintiff herein complains.

12. Defendants Keanna L. Hill ("Hill), Kayana Stubbs ("Stubbs") and Asha Williams ("Williams") were, at all material times, detention officers employed with the Faulkner County Sheriff's Department.

13.   Defendants Hill, Stubbs and Williams are being sued in their official and individual capacities.

14. Sheriff Tim Ryals ("Sheriff Ryals"), was the Sheriff of Faulkner County at all relevant times. As Sheriff, he is responsible for the training, policies, and actions of the Department and its officers.

15. At all material times, Faulkner County, Arkansas was the employer of the Hill, Stubbs, and Williams Defendants and was empowered, funded and directed to pay any § 1983 civil rights judgment for compensatory damages, actual damages, nominal damages, and attorney fees for which any County employee acting within the scope of his or her employment is found liable. Accordingly, the County is an indemnification party regarding the acts and/or omissions of which Plaintiff complains.

## FACTUAL ALLEGATIONS

16. On March 20, 2022, the Plaintiff, Dezanae McEwen was in her residence in Conway, Arkansas.   The Conway Police were dispatched to her residence for a possible suicide threat.

17. Conway Police Department Officers Condor, Smith, Fitzgerald, Worley and Padgett ("the City Defendants") responded to the call.

18. Ms. McEwen asked Officer Condor to leave her residence and Officer Condor would not.

19. After a discussion with paramedics and Ms. McEwen, it was determined by all of the City Defendants that Ms. McEwen was not trying to harm herself and that she was not doing anything illegal.   Officers Condor, Smith, Fitzgerald, Worley and Padgett agreed on their body worn camera footage that she was not doing anything illegal and that there was nothing they could do.

20. Defendant Sergeant Worley suggested to the other City Defendants a way to coerce Ms. McEwen into committing the crime of public intoxication by forcing her outside of the apartment, and then initiating an arrest.   At that point, he was instructed by Lieutenant Padgett to turn off his body worn camera.

21. Ms. McEwen was still inside her residence while the City Defendants conspired to illegally institute an arrest.   While she was still in her

residence, the City Defendants forced her to the floor and into handcuffs while she struggled against them and repeatedly asked "what did I do wrong?"   The Officers did not advise her that she was being arrested or tell ask her to leave the residence on her own.   She was forced outside and then told that she was under arrest for public intoxication.   She was then forced into the police car against her will and taken to the Faulkner County Jail for booking.

22. The City Defendants used force to detain and arrest the Plaintiff without legal justification.   Ms. McEwen was not suspected of a crime, as acknowledged by all officers on their body worn camera video.

23. Without legal justification, the City Defendants entered the residence of Ms. McEwen, refused to leave when she asked them to leave, physically restrained her and, after a determination by all officers that she was not doing anything illegal, the City Defendants Condor, Smith, Fitzgerald, Worley and Padgett conspired to force Ms. McEwen from her residence so that she could be charged with the crime of public intoxication.

24. The City Defendants Condor, Smith, Fitzgerald, Worley and Padgett took down Ms. McEwen with physical force without reason to believe that Ms. McEwen had committed a crime, was committing a crime, or was about to commit a crime.

25. The City Defendants were aware that the Plaintiff was suffering from issues related to mental health at the time they illegally conspired to arrest her.

They did not take steps legal steps to have her detained pursuant to any civil commitment statute.   When they arrived at the Faulkner County Jail, the City Defendants did not inform anyone there that the Plaintiff was suffering from issues related to mental health.

26. At the Faulkner County Jail, Ms. McEwen was let out of her handcuffs, then pepper sprayed by Corporal Asha Williams and placed into a restraint chair. She was still in the restraint chair and was wheeled into the shower room where she was repeatedly tased by Officer Keanna Hill on her inner thighs while restrained.   Defendants Williams and Stubbs participated in the assault and/or witnessed the assault and did nothing to stop it.   All three County Defendants, Williams, Hill and Stubbs, submitted false reports regarding the incident.   When a fellow officer attempted to enter the shower room to help, she was cussed at and was later told by Corporal Williams, from the podium, "you will figure out what happens when you turn your back onto your fellow officers."

27. Ms. McEwen was in the shower room with the County Defendants for almost 40 minutes and during that time, the taser was deployed six times, twice for longer than 5 seconds indicating a continuous trigger hold.

28. When Ms. McEwen was brought back into booking from the shower room, she was still in the restraint chair and had a hood over her head.   More than an hour after she was pepper-sprayed, medical personnel noted that the pepper spray had not been deactivated or rinsed off.   Ms. McEwen had multiple red

welts from the taser and she was losing sensation in her legs from the prolonged restraint.

29. At that point, Ms. McEwen was taken to a cell where she was held despite never having committed a crime.

30. At the time of her arrest, none of the City Officer Defendants had the courage to do the right thing and correct another officer. Instead, each officer actively chose the cowardly act of backing his/her fellow officer despite the fact that they were violating well established rights and laws.

31. At the time of her booking at the Faulkner County Jail, none of the County Officer Defendants had the courage to do the right thing and correct another officer. Instead, each officer actively chose the cowardly act of backing his/her fellow officer despite the fact that they were violating well established rights and laws.

32. The County Defendants were investigated for use of excessive force and were let go from their employment.

33. Upon information and belief, the City Defendants have not faced disciplinary procedures.

34. No reasonable police officer at the scene of Ms. McEwen's arrest could believe that they had the right to arrest a law-abiding citizen under the circumstances, as each affirmed on video.   As evidence that they were not acting reasonably within their rights as law enforcement, the Officers turned

off their body worn cameras and conspired to illegally detain and arrest Ms. McEwen.

35. No one told Ms. McEwen that she was under arrest.   No one asked her to place her hands behind her back.   No one told her the basis of her arrest until she was already forced into handcuffs and dragged outside her residence.

36. No reasonable law enforcement officer at the scene of Ms. McEwen's booking could believe that they had the right to tase a restrained inmate, or keep chemicals on her active for more than an hour.   As evidence that they were not acting reasonably within their rights as law enforcement, the Officers cussed a fellow officer and threatened her from the podium.

## RELEVANT LAW

37. The Fourth Amendment prohibits law-enforcement officers from prolonging a detention – even if the detention was lawfully initiated – to investigate crimes for which the officers lack reasonable suspicion.

38. A law-enforcement officer may only use non-deadly force when detaining a citizen that he/she reasonably suspects has committed, is committing, or is about to commit a felony or misdemeanor involving danger. *Ark. R. Crim. P.* 3.1 & 3.3.

39. It is a constitutional violation for an individual to be confined if it is not related to a legitimate, nonpunitive governmental objective. *Herbert v. Maxwell*, 214 Fed. Appx. 451 (2007).

40. "Liability pursuant to 42 U.S.C.S. §1983 for alleged violations of a detainee's rights can be premised on two theories:   (1) that the conditions of confinement violated the detainee's rights, or (2) that episodic acts or omissions of officials violated those rights." *Id.*

## COUNT I – EXCESSIVE FORCE AND VIOLATION OF 4TH AMENDMENT BROUGHT BY PLAINTIFF AGAINST THE CITY DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

41. Plaintiff incorporates and realleges the allegations in paragraphs 1 through 40, above.

42. The City Defendants, Condor, Smith, Fitzgerald, Worley and Padgett, individually and in concert, used excessive force against Ms. McEwen's person, causing injury, pain, and other damages.

43. The City Defendants, Condor, Smith, Fitzgerald, Worley and Padgett, individually and in concert, unreasonably and unlawfully seized Plaintiff by detaining her without reasonable suspicion of criminal activity.

44. The City Defendants, Condor, Smith, Fitzgerald, Worley and Padgett, individually and in concert, utilized excessive force by becoming physical and forcing the Plaintiff to the ground and into handcuffs against Arkansas law and without reasonable suspicion of criminal activity.

45. The City Defendants, Condor, Smith, Fitzgerald, Worley and Padgett, individually and in concert, violated the Plaintiff's right to be free from arrest without probable cause.

46. The force used by The City Defendants, Condor, Smith, Fitzgerald, Worley and Padgett, individually and in concert, was unnecessary and unreasonable, and caused Plaintiff direct injury, direct pain, loss of liberty, reputational damage, and other damages.

47. Plaintiff was deprived rights, privileges, and immunities secured to her by the Fourth and Fourteenth Amendments to the United States Constitution, and laws enacted thereunder.

48. The City Defendants, Condor, Smith, Fitzgerald, Worley and Padgett, individually and in concert, are liable to Plaintiff for damages under 42 U.S.C. § 1983, including loss of liberty, conscious pain and suffering, punitive damages, and attorney fees.

49. For these reasons and others set forth herein, Plaintiff brings this action seeking the following remedies for the violation of his constitutional rights:

    a. A declaration that The City Defendants, Condor, Smith, Fitzgerald, Worley and Padgett, individually and in concert, violated Plaintiff's constitutional rights; and

    b. Awarding her compensatory damages, nominal damages, punitive damages, and attorney fees.

## COUNT II– VIOLATIONS OF THE FOURTH AMENDMENT, FOR UNREASONABLE SEIZURES. BROUGHT BY PLAINTIFF AGAINST THE CITY DEFENDANTS IN THEIR OFFICIAL CAPACITIES, WILLIAM TAPLEY IN HIS OFFICIAL CAPACITY, AND THE CITY OF CONWAY, ARKANSAS.

50. Plaintiff incorporates and realleges the allegations in paragraphs 1 through 49, above.

51. A local government is liable under 42 U.S.C. § 1983 for the deprivation of a right when conduct attributable to the government was undertaken with deliberate indifference to the relevant right and caused the alleged injury. Bd. Of Cnty. Comm'rs v. Brown, 520 U.S. 397, 400 (1997).

52. Conduct is attributable to the government if the rights deprivation resulted from a decision by a policymaker or a custom so widespread as to have the force of law. *Monell v. Dept. of Soc. Svcs.,* 436 U.S. 691 (1978).

53. Evidence that a police investigative review process is structured to curtail disciplinary action and stifle investigations is evidence that can sustain *Monell* claims and get those claims rightfully before a jury. *Beck v. City of Pittsburg,* 89 F.3d 966, 974 (3rd Cir. 1996).

54. Similarly, inaction can constitute government custom. *Tilson v. Forrest City Police Dept.,* 28 F.3d 802, 806 (8th Cir. 1994).

55. It was the tradition and/or policy of the Conway Police Department to institute an arrest, regardless of whether that person was a suspect of criminal activity.

56. The City of Conway and the Conway Police Department failed to even investigate the unlawful actions of The City Defendants, Condor, Smith, Fitzgerald, Worley and Padgett, much less take any corrective or disciplinary measures against any of them, despite ample evidence that they violated the rights of the Plaintiff.

57. The actions of the Conway Police Department and the City of Conway ratified the unlawful actions of The City Defendants, Condor, Smith, Fitzgerald, Worley and Padgett, which makes them liable for the actions of The City Defendants, Condor, Smith, Fitzgerald, Worley and Padgett, as their employees.

58. The City Defendants, Condor, Smith, Fitzgerald, Worley and Padgett violated clearly established constitutional protections by detaining and using force on Plaintiff without reasonable suspicion of criminal activity.

59. The City of Conway likewise violated Plaintiff's clearly established Forth Amendment rights because its officers who used force and detained Plaintiff carried out unconstitutional policies or customs that, among other things:

   a. Officers are trained or encouraged to institute arrests without probable cause;

   b. Plan or scheme to create probable cause to institute an arrest; and

   c. Using force to make a detention without reasonable suspicion of a crime or a warrant for an arrest.

60. For these reasons and others set forth herein, Plaintiff brings this action seeking the following remedies for the violation of his constitutional rights:

    d.  A declaration that the City of Conway, Arkansas, the Conway Police Department through its Chief William Tapley, and The City Defendants, Condor, Smith, Fitzgerald, Worley and Padgett, violated Plaintiff's constitutional rights; and

    e.  Award compensatory damages, nominal damages, punitive damages, and attorney fees.

## COUNT III – VIOLATIONS OF STATE LAW ASSAULT, BATTERY AND FALSE IMPRISONMENT BROUGHT BY PLAINTIFF AGAINST THE CITY DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

61. Plaintiff incorporates and realleges the allegations in paragraphs 1 through 60, above.

62. The City Defendants, Condor, Smith, Fitzgerald, Worley and Padgett, individually and in concert, are liable to the Plaintiff for civil assault, battery and false imprisonment.

## COUNT IV – EXCESSIVE FORCE AND VIOLATION OF 4TH AMENDMENT BROUGHT BY PLAINTIFF AGAINST THE COUNTY DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

63. Plaintiff incorporates and realleges the allegations in paragraphs 1 through 62, above.

64. The County Defendants, Williams, Hill and Stubbs individually and in concert, used excessive force against Ms. McEwen's person, causing injury, pain, and other damages.

65. The County Defendants, Williams, Hill and Stubbs, individually and in concert, unreasonably and unlawfully seized Plaintiff by unlawfully restraining her, in violation of County policy and procedures.

66. The County Defendants, Williams, Hill and Stubbs individually and in concert, utilized excessive force by deploying pepper spray on the Plaintiff and failing to deactivate or rinse off the chemical in a reasonable amount of time.

67. The County Defendants, Williams, Hill and Stubbs, individually and in concert, violated the Plaintiff's utilized excessive force by repeatedly tasing her while she was restrained.

68. The force used by The County Defendants, Williams, Hill and Stubbs, individually and in concert, was unnecessary and unreasonable, and caused Plaintiff direct injury, direct pain, loss of liberty, reputational damage, and other damages.

69. Plaintiff was deprived rights, privileges, and immunities secured to her by the Fourth and Fourteenth Amendments to the United States Constitution, and laws enacted thereunder.

70. The County Defendants, Williams, Hill and Stubbs, individually and in concert, are liable to Plaintiff for damages under 42 U.S.C. § 1983, including

loss of liberty, conscious pain and suffering, punitive damages, and attorney

fees.

71. For these reasons and others set forth herein, Plaintiff brings this action

seeking the following remedies for the violation of his constitutional rights:

    a.  A declaration that The County Defendants, Williams, Hill and Stubbs,

        individually and in concert, violated Plaintiff's constitutional rights;

        and

    b.  Awarding her compensatory damages, nominal damages, punitive

        damages, and attorney fees.

**COUNT V– VIOLATIONS OF THE FOURTH AMENDMENT, FOR UNREASONABLE SEIZURES. BROUGHT BY PLAINTIFF AGAINST THE COUNTY DEFENDANTS IN THEIR OFFICIAL CAPACITIES, SHERIFF TIM RYALS IN HIS OFFICIAL CAPACITY, AND THE COUNTY OF FAULKNER, ARKANSAS.**

72. Plaintiff incorporates and realleges the allegations in paragraphs 1 through

71, above.

73. A local government is liable under 42 U.S.C. § 1983 for the deprivation of a

right when conduct attributable to the government was undertaken with

deliberate indifference to the relevant right and caused the alleged injury.

Bd. Of Cnty. Comm'rs v. Brown, 520 U.S. 397, 400 (1997).

74. Conduct is attributable to the government if the rights deprivation resulted

from a decision by a policymaker or a custom so widespread as to have the

force of law. *Monell v. Dept. of Soc. Svcs.,* 436 U.S. 691 (1978).

75. Evidence that a police investigative review process is structured to curtail disciplinary action and stifle investigations is evidence that can sustain *Monell* claims and get those claims rightfully before a jury. *Beck v. City of Pittsburg*, 89 F.3d 966, 974 (3rd Cir. 1996).

76. Similarly, inaction can constitute government custom. *Tilson v. Forrest City Police Dept.*, 28 F.3d 802, 806 (8th Cir. 1994).

77. It was the tradition and/or policy of the Faulkner County Sheriff's Department to allow the improper restraint of individuals, improper use of chemical restraints and improper use of tasers.

78. Faulkner County and the Faulkner County Sheriff's Office instituted an investigation into the events that occurred at Ms. McEwen's booking only after repeated inquiry by a concerned fellow officer.   Prior to the investigation, Corporal Williams was allowed to stand at the podium and threaten that officer—a demonstration of the tradition and policy of backing fellow officers who use excessive force.

79. The actions of the Faulkner County Sheriff's Office and the Faulkner County ratified the unlawful actions of The County Defendants, Williams, Hill and Stubbs, which makes them liable for the actions of The County Defendants, Williams, Hill and Stubbs, as their employees.

80. The County Defendants, Williams, Hill and Stubbs violated clearly established constitutional protections by using excessive force on a restrained individual.

81. Faulkner County likewise violated Plaintiff's clearly established Forth Amendment rights because its officers who used force and detained Plaintiff carried out unconstitutional policies or customs that, among other things:

    f.  Officers are trained or encouraged to subject inmates to improper restraint without justification;

    g.  Unlawfully use chemical agents for restraint and fail to deactivate the chemical within a reasonable amount of time; and

    h.  Use a taser on a restrained individual, repeatedly use a taser and/or use a taser improperly without threat.

82. For these reasons and others set forth herein, Plaintiff brings this action seeking the following remedies for the violation of his constitutional rights:

    i.  A declaration that Faulkner County, Arkansas, the Faulkner County Sheriff's Department through its Sheriff Tim Ryals, and The County Defendants, Defendants, Williams, Hill and Stubbs, violated Plaintiff's constitutional rights; and

    j.  Award compensatory damages, nominal damages, punitive damages, and attorney fees.

## COUNT VI – VIOLATIONS OF STATE LAW ASSAULT, BATTERY AND FALSE IMPRISONMENT BROUGHT BY PLAINTIFF AGAINST THE COUNTY DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

83. Plaintiff incorporates and realleges the allegations in paragraphs 1 through 82, above.

84. The County Defendants, Defendants, Williams, Hill and Stubbs, individually and in concert, are liable to the Plaintiff for civil assault, battery and false imprisonment.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS.

Respectfully Submitted,

Dezanae McEwen
By and through counsel,

/s/ Catherine A. Ryan
Catherine A. Ryan
AR Bar 2016020
Dodds, Kidd, Ryan & Rowan
313 W. 2nd St.
Little Rock, AR 72201
501-375-9901
CRyan@DKRFirm.com